UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN ESPINAL,

Petitioner,

— against —

UNITED STATES OF AMERICA,

Respondent.

**08-cr-242 (ARR)**
**09-cr-683 (ARR)**
**16-cr-349 (ARR)**
**19-cv-6522 (ARR)**

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

On January 17, 2020, I entered an order denying petitioner Juan Espinal's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Espinal then filed a *pro se* motion for reconsideration of that order pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. For the reasons set forth below, Espinal's motion is denied.

## BACKGROUND

The facts regarding Espinal's underlying criminal cases and his petition pursuant to 28 U.S.C. § 2255 are set forth fully in my Opinion & Order denying § 2255 relief. *See* Op. & Order 1–4, Jan. 17, 2020, ECF No. 1355 ("Jan. O&O").[1] Briefly, Espinal raised two claims in his § 2255 petition, related to a 2017 sentencing proceeding and a term of supervised release that I revoked. First, he argued that he received ineffective assistance of counsel in connection with the 2017 sentencing proceeding. Jan. O&O at 3. Espinal claimed that, when he asked his attorney about the possibility of filing an appeal, his attorney advised him that he could not appeal because he had

---

[1] ECF numbers correspond to the docket for case number 08-cr-242.

waived the right to appeal in his plea agreement. *Id.* According to Espinal, this advice was deficient because despite the waiver, he retained the right to appeal some aspects of his sentencing. *Id.* Second, Espinal argued that I lacked jurisdiction to revoke his term of supervised release. *See id.* at 4.

I concluded that Espinal's § 2255 petition was untimely and, accordingly, did not decide it on the merits. *See id.* at 5. In particular, I concluded that Espinal's petition was untimely under § 2255(f)(4). *Id.* at 8–11. Subsection 2255(f)(4) sets a one-year limitation period that runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). I first concluded that Espinal's ineffective assistance of counsel claim was untimely under § 2255(f)(4). Jan. O&O at 9–10. Espinal claimed to have only learned about his sentencing counsel's ineffectiveness in September 2019; before then, he did not know that an assertion that he had no right to appeal whatsoever would have been incorrect. *See id.* at 9. I determined that Espinal did "not claim to have only recently discovered any new 'facts,' but rather to have only recently discovered the law[.]" *Id.* (internal citations omitted). I also determined that at Espinal's sentencing proceeding, I made clear that despite his plea agreement, he "may have retained the right to appeal certain aspects of his sentencing." *Id.* Accordingly, I could not "credit his claim that he only learned in September 2019 that he had a right to file a notice of appeal despite his appeal waiver, and that accordingly, his counsel provided deficient advice." *Id.* at 9–10. I then concluded that Espinal's claim regarding the revocation of supervised release was also untimely. *Id.* at 10–11. Finally, I declined to hold a hearing because "[n]o material facts regarding the timeliness of [Espinal's] motion [were] in dispute." *Id.* at 14.

In his motion for reconsideration, Espinal argues that I "overlooked and/or misunderstood"

his claim. Mot. for Recons. 1, ECF No. 1363. Specifically, Espinal argues that in his § 2255 petition, he claimed "that he did not know, and could not have discovered until recently (through an exercise of due diligence) that his attorney had made a material misrepresentation to him regarding his right to appeal. What counsel did or did not do constitutes a 'fact' – not law." *Id.* According to Espinal, "[t]he question . . . is whether [he] could have learned earlier, through the exercise of due diligence, the 'fact' that counsel's representation was a lie[.]" *Id.* Espinal claims that I improperly relied on *Wims v. United States* by asking "when a duly diligent person in [p]etitioner's circumstances would have discovered that no appeal had been filed" because Espinal was not claiming that his attorney "failed to file a requested appeal." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000); Mot. for Recons. 1. Rather, I "was required to determine when a defendant in [his] position (not in Wim[s]'s position), acting with reasonable and due diligence, would have learned that his attorney lied to him about his ability and right to appeal." Mot. for Recons. 1–2. Espinal further argues that I should have held an evidentiary hearing—that I "overlooked and did not consider facts . . . which conclusively establish that he was told he could not appeal, and that misinformation effectively deprived [him] of an appeal that he would have taken." *Id.* at 2. Finally, Espinal claims that the advice that I gave him at sentencing regarding his right to appeal was deficient. *See id.* at 2. Espinal does not seek reconsideration of my decision with respect to his claim regarding my revocation of his term of supervised release.

## DISCUSSION

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Local Civil Rule 6.3, except as provided in Federal Rule 59 or certain other Federal Rules, "a notice of motion for reconsideration . . . shall be served within fourteen . . . days after the entry of

the Court's determination of the original motion[.]" Local Civ. R. 6.3. "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which [movant] believes the Court has overlooked." *Id.* Espinal's motion for reconsideration is timely under Rule 59(e), and I will assume that it is timely under Local Rule 6.3.[2]

The standards governing the adjudication of motions brought under Rule 59(e) and those brought under Local Rule 6.3 "are the same[.]" *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). "[A] court may grant reconsideration where the party moving for reconsideration demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* at 373 (quoting *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014)). Reconsideration under either Rule "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (quoting *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650(RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995) (recognizing that standard governing motions for reconsideration is strict).[3]

---

[2] I entered the order denying Espinal's § 2255 petition on January 17, 2020. The instant motion was stamped as "filed" by the Clerk's office on February 6, 2020. If I applied the prison mailbox rule—which provides that I must consider a *pro se* prisoner's papers as filed on the date on which he delivered them to prison officials, *see Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001)—I would find that Espinal "filed" the instant motion either on the postmark date (February 4) or on the date stated at the top of his letter (January 27), *see Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[D]istrict courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."); Mot. for Recons. 1, 3. In any case, his motion is timely under Rule 59(e). Only if I deem his motion filed on January 27 is it timely under Local Rule 6.3. Because I ultimately conclude that Espinal is not entitled to relief under either Rule, I do not need to determine the precise filing date.

[3] The Supreme Court of the United States will decide this term whether a timely Rule 59(e) motion is a second or successive habeas petition—at least with respect to § 2254 petitions—as it has

4

Here, Espinal has not argued that the controlling law has changed or that new evidence has become available, and I find no clear error or manifest injustice in my denial of Espinal's § 2255 petition. Espinal only recently learned that his attorney "made a material misrepresentation to him regarding his right to appeal" because he only recently discovered what the law is regarding the effect of appeal waivers. Mot. for Recons. 1. That is, Espinal's attorney assertedly "lied" by advising him "that he could not appeal" because of the waiver in his plea agreement when, in fact, a defendant may retain the right to appeal some aspects of his conviction or sentencing notwithstanding a waiver. *Id.* It is this retention of the right to appeal—a principle of law—that Espinal only recently discovered. Thus, my conclusion that Espinal's petition was not timely under § 2255(f)(4) because Espinal had not recently discovered any facts that a person using due diligence could not have discovered earlier was not clearly erroneous. *See* Jan. O&O at 8–9.

A hearing on the timeliness of Espinal's § 2255 petition was not warranted. Even if I credited Espinal's factual assertion—that his attorney told him he could not appeal at all—as true, Espinal's petition would have been untimely, as this fact was not one that Espinal claimed to have only recently learned. *See* Mot. for Recons. 2. And no hearing on the issue of "when a person in [Espinal's] circumstances (exercising due diligence) would have discovered that his lawyer lied" was necessary or even appropriate. *Id.* As I reasoned in my January Opinion & Order, that a petitioner is *pro se* and could not have identified his claims for relief any earlier does not make his petition timely. Jan O&O at 9; *see Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]").

---

previously decided is the case with certain Rule 60(b) motions to reconsider § 2254 rulings. *See Banister v. Davis*, 139 S. Ct. 2742 (2019) (mem.); *Gonzalez v. Crosby*, 545 U.S. 524, 530–36 (2005).

Finally, it was not clearly erroneous or manifestly unjust for me to conclude, based on the transcript from Espinal's sentencing, that I made clear that he might have retained some right to appeal. *See* Jan. O&O at 9; Sentencing Tr. Gov't Ex. B at 14:24–15:7, ECF No. 1347-2. Thus, I cannot credit Espinal's assertion that my "lack of advice" at sentencing "effectively deprived [him] of any knowledge that he had a right to appeal[.]" Mot. for Recons. 2.

## CONCLUSION

For the reasons set forth above, Espinal's motion for reconsideration is denied.

SO ORDERED.

Dated: February 12, 2020 _____/s/_____
      Brooklyn, NY                                         Allyne R. Ross
                                                            United States District Judge